2003R01699/LJW

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA  :  Criminal No. 09-599-1 (AET)

v.  :  18 U.S.C. §§ 1344 & 2

DAVID SOLOMON  :  **INFORMATION**

The defendant having waived in open court prosecution by indictment, the Acting United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

   a. Defendant DAVID SOLOMON was a resident of Avenel, New Jersey.

   b. Digital Credit Union (hereinafter, "DCU") was a financial institution, as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation, and was located in Marlborough, Massachusetts.

2. From at least as early as in or about March 2003 through on or about April 16, 2003, at Avenel, in the District of New Jersey, and elsewhere, defendant

DAVID SOLOMON

did knowingly execute and attempt to execute a scheme and artifice to defraud DCU, and to obtain moneys, funds, and assets owned by and under the custody and control of DCU, by means of materially false and fraudulent pretenses, representations, and promises, as set forth more fully below.

3. It was part of the scheme and artifice to defraud that, as early as in or about March 2003, defendant DAVID SOLOMON submitted and caused to be submitted numerous fraudulent loan applications and related documents to DCU to fund the purchase of certain used automobiles that did not exist.

4. It was further part of the scheme and artifice to defraud that, to create the appearance that the automobiles existed and were ready to be sold, defendant DAVID SOLOMON generated false vehicle titles, letters of intent to sell, and other fraudulent papers, which defendant SOLOMON submitted and caused to be submitted to DCU to facilitate the approval of the loans.

5. It was further part of the scheme and artifice to defraud that after DCU issued loan checks to individuals whom defendant DAVID SOLOMON recruited to pose as the borrowers, the borrowers in turn provided the loan checks to defendant DAVID SOLOMON, who later deposited the loan checks into his personal bank account.

6. It was further part of the scheme and artifice to defraud that, from as early as in or about March 2003 through as late as on or about April 16, 2003, defendant DAVID SOLOMON deposited approximately six loan checks totaling approximately $162,000, that DCU issued on the fraudulent loan applications described above in paragraph 3. None of the automobiles

identified in the loan documents was ever transferred to the borrowers or to DCU, inasmuch as they did not exist.

In violation of Title 18, United States Code, Section 1344 and Section 2.

*Ralph J. Marra, Jr.*
RALPH J. MARRA, JR.
Acting United States Attorney

CASE NUMBER: _____

**United States District Court**
**District of New Jersey**

UNITED STATES OF AMERICA

v.

DAVID SOLOMON

**INFORMATION FOR**

18 U.S.C. §§ 1344, and 18 U.S.C. § 2

RALPH J. MARRA, JR.
*ACTING U.S. ATTORNEY NEWARK, NEW JERSEY*

L. JUDSON WELLE
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
*(973) 645-2735*

4